# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | |
|---|---|
| IN RE:<br><br>FLORA HOYLE<br><br>Debtor. | CASE NO. 19-10114-JDW<br>CHAPTER 13 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

COMES NOW, Peritus Portfolio Services II, LLC, servicing agent for Westlake Financial Services ("Peritus"), by and through counsel, pursuant to 11 U.S.C. § 362 and Rule 4001 of the Federal Rules of Bankruptcy Procedure, and respectfully states as follows:

1. On February 22, 2014, Flora Hoyle ("Debtor") entered into a certain Retail Installment Contract ("Contract") for the purchase of a 2010 Ford Fusion, VIN: 3FAHP0HA1AR268882 ("Collateral"), which Contract was assigned to Peritus. Peritus holds a validly perfected, first priority purchase-money security interest in the Collateral as noted on the Certificate of Title issued by the State of Mississippi.

2. On January 10, 2019, the Debtor commenced the above-captioned bankruptcy case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code.

3. On March 19, 2019, Peritus timely filed it secured Proof of Claim with respect to the Contract and Vehicle in the amount of $6,196.27.

4. The Debtor's confirmed Chapter 13 Plan valued Peritus' secured claim in the amount of $4,117.00, which secured claim amount is to be paid together with 6.75% under the Debtor's Chapter 13 Plan. At the time of this Motion, Chapter 13 Trustee records reflect a remaining principal balance on Peritus' secured of $1,042.34.

5. The outstanding payoff balance due under the Contract is $2,556.60.

6. The J.D. Power NADA average trade-in value of the Collateral is $3,400.00.

7. The Collateral was involved in an accident and subsequently declared a total loss by Acceptance Insurance.  On information and belief, Acceptance Insurance has forwarded insurance proceeds in the amount of $2,932.31 to Peritus as first lienholder and loss payee.

8. Peritus seeks relief from the automatic stay to accept the insurance proceeds directly, apply the insurance proceeds to its claim, and negotiate and transfer title to the remaining salvage of the Collateral.

9. Pursuant to 11 U.S.C. § 362(d)(1), sufficient cause exists to terminate the automatic stay as to Peritus, the Collateral and the proceeds thereof, due to lack of adequate protection.

WHEREFORE, the above premises considered, Creditor prays that:

a. The automatic stay be terminated so that Creditor may proceed with enforcement of its security interest in the Collateral, and pursue any and all other remedies available under state and/or federal law that are not inconsistent with Title 11 of the United State Code, including, and not limited to, accepting insurance proceeds directly, applying the insurance proceeds to its claim, and negotiating and transferring title to the remaining salvage of the Collateral;

b. The provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived.

c. Peritus be granted other and further relief to which it may be entitled.

Respectfully submitted,

/s/ Jacob Zweig
Jacob Zweig (104725)
Evans Petree PC
Attorney for Peritus Portfolio Services II, LLC
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 525-6781
jzweig@evanspetree.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of October, 2022, a copy of the foregoing electronically filed Motion for Relief from Automatic was served on the parties listed below by first-class mail, postage-prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Robert H. Lomenick, Jr.
P.O. Box 417
Holly Springs, MS  38635
Attorney for Debtor

Locke D. Barkley
Chapter 13 Trustee
6360 I-55 North, Suite 140
Jackson, MS  39211

Flora Hoyle
778 Union Hill Rd
Ashland, MS  38603

/s/ Jacob Zweig
Jacob Zweig
Evans Petree PC